Battle, J.
 

 The only question presented'by the bill of exceptions, is as the admissibility in evidence of the certified copy of a deed, purporting to have been copied from the records of the county court of Halifax county, in Virginia. The trans-script of the instrument was objected to on two grounds ; first, because it was irrelevant; and, secondly, because it was not properly authenticated. The first ground of objection is clearly untenable. On the trial of the issue of
 
 devisavit vel
 
 non, the alleged will was opposed upon the allegations, that the supposed testator was
 
 non
 
 compos, and that the script was procured by the exercise of undue influence over him. In answer to such allegations, made by the caveators, it was certainly very material for the propounders to show, if they could, that the testator had not, by giving his estate to other persons, lost sight of his primary duty to provide suitably for his wife. This proof was amply furnished by the instrument offered in evidence, and it only remains for us to enquire whether, as the original deed was not produced, the copy was authenticated in such a manner as justified its admission. Upon that point our opinion is adverse to the propounders.
 

 The instrument, though purporting to have been recorded in the county court of Halifax county, in Virginia, is manifestly nota judicial proceeding, nor part of a judicial proceeding in that court. It is nothing more nor less than an indenture between the testator and another person as the trustee of his wife, whereby a certain part of the testator’s estate is conveyed to the trustee for the sole and separate use of the wile. It is true, that a part of the consideration for the deed, was the compromise of a suit, which the wife had instituted for the recovery of an alimony, but it does not appear that the deed
 
 *497
 
 was recorded as any portion of that judicial proceeding. It was a deed
 
 inter partes
 
 executed
 
 m pcds
 
 and afterwards acknowledged in the court, and recorded according to the laws of Virginia, instead of being proved or acknowledged and registered according to our laws. Not being properly a record and judicial proceeding of the court, it cannot be authenticated as such under the act of Congress of 1790. See Appendix to the Eevised Code, page 623. It may, perhaps, be considered as the record of an office book, and as such, come within the,.provisions of the supplementary act of Congress, passed in the year 1804, but unfortunately for the propounders of the will, in this case, that act requires not only the attestation of the keeper of the office book, and of the certificate of the presiding justice of the court, but also the certificate of the clerk or prothonotory of the court, under his hand and seal of office, that the said presiding justice is duly commissioned and qualified. This latter certificate is wanting in the case now before us, and for that reason the certified copy of the instrument ought not to have been admitted in evidence. This was an error for which the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.